Pasquale J. ACCARDI, Jacob Grubesick, Alfred J. Seevers, Anthony J. Vassallo, Abraham S. Hoffman and Frank D. Pryor, Plaintiffs-Appellees,

v.

The PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellant.

No. 435, Docket 29022.

United States Court of Appeals Second Circuit.

Submitted April 15, 1966.

Decided Dec. 15, 1966.

James G. Greilsheimer, Asst. U. S. Atty.; Robert M. Morgenthau, U. S. Atty., S.D.N.Y., for plaintiffs-appellees.

R. L. Duff, Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant-appellant.

Before LUMBARD, Chief Judge, SWAN and WATERMAN, Circuit Judges.

PER CURIAM:

The Supreme Court of the United States, in an opinion reported at 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966) reversed our holding at 341 F.2d 72 (1965) and affirmed the judgment of the United States District Court for the Southern District of New York, reported at 229 F.Supp. 193 (1964) in which it had been held, as stated by the Supreme Court, " * * * that petitioners are entitled to recover from the railroad the stipulated damages due them because they are entitled to credit for the full amount of time served in the armed forces in calculating their severance pay." 383 U.S. 225, at 233, 86 S.Ct. at 773. The stipulation provided that if the six plaintiffs prevailed, each of them was entitled to $1,242.60 more severance pay than he had received.

The cause was remanded to our court, however, for our consideration of the claim by appellant, Pennsylvania Railroad Company, that the district court erred when, at the time judgment was entered on May 22, 1964, each plaintiff was awarded interest at 5% upon $1,242.60 from November 1, 1961, the first day of the first month after each plaintiff received the last installment of the separation allowance the appellant had paid him, to the date of the judgment. The appellant maintains that, if any prejudgment interest is properly allowable in this case, it should be allowable only from the date of the commencement of the action, January 23, 1964.

We find no error in the discretionary allowance of this prejudgment interest by the district judge, and we affirm the awards of interest made by the court below.